Brad C. Stanford, OSB #854119
bstanford@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

      Attorneys for Petitioner

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| CASHCO FINANCIAL SERVICES, INCORPORATED | Case No. |
|            Petitioner, | PETITION FOR REVIEW |
| v. | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, | |
|            Respondent. | |

1.     Cashco Financial Services, Incorporated ("Petitioner") hereby petitions the court for review of the Order of the Office of Hearings and Appeals ("OHA") denying Petitioner's appeal of a Paycheck Protection Program ("PPP") loan review decision issued by the U.S. Small Business Administration ("SBA").

**Parties**

2.     Petitioner is a consumer finance business based in Portland, Oregon. Respondent is an independent federal agency created pursuant to 15 U.S.C. § 633 *et seq.*

## Jurisdiction and Venue

3.      Petitioner appeals the OHA Final Decision pursuant to 13 C.F.R. § 134.1211, which permits appeal of a final decision to federal district court. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## Procedural Background

4.      Petitioner applied for a PPP loan through Wells Fargo Bank, National Association ("Wells Fargo"). The loan was approved on February 5, 2021 in the amount of $557,030.00. Petitioner applied to Wells Fargo for forgiveness of the loan and Wells Fargo recommended that all of Petitioner's loan be forgiven. Accordingly, on September 9, 2021, Wells Fargo submitted its forgiveness decision to the SBA in the amount of $557,030.00. Wells Fargo subsequently received a final loan review decision from the SBA, stating that forgiveness in the amount of $0.00 is appropriate because Borrower was ineligible for the PPP loan. The SBA stated that the reason for its decision is that Borrower is a financial business primarily engaged in lending, investments or an ineligible business engaged in financing or factoring.

5.      On December 28, 2021, Borrower filed a timely appeal petition ("OHA Petition") with the SBA's OHA pursuant to 13 C.F.R. § 134.1201. The SBA did not file a response to the OHA Petition. On June 3, 2022, OHA issued an initial decision denying Petitioner's appeal and affirming the SBA's loan review decision. The initial decision became final 30 days thereafter ("OHA Final Decision"). Petitioner now appeals the OHA Final Decision pursuant to 13 C.F.R. § 134.1211, which permits appeal of a final decision to federal district court.

## Nature of the Action

6.      In response to the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). As part of the CARES Act, Congress

Page 2 -    PETITION FOR REVIEW

created the PPP, which authorizes the SBA to guarantee loans to small business. In doing so, "Congress intended that the SBA would make the PPP loan guarantees widely available to small businesses across the commercial spectrum." *DV Diamond Club of Flint, LLC v. United States Small Bus. Admin.*, 459 F. Supp. 3d 943, 946 (E.D. Mich. 2020).

7.      To that end, Congress established "increased eligibility for certain small business and organizations" for PPP loan guarantees. 15 U.S.C.A. § 636(a)(36)(D). Specifically, Congress provided that "[d]uring the covered period, in addition to small business concerns, *any* business concern . . . shall be eligible to receive a covered loan if the business concern . . . employs not more than the greater of (I) less than 500 employees or (II) if applicable, the size standard in number of employees established by the Administration for the industry in which the business concern ... operates." *Id*. (emphasis added).

8.      Despite this, the SBA adopted a rule excluding certain businesses from PPP loan guarantee eligibility ("PPP Ineligibility Rule"). *See* Business Loan Program Temporary Changes; Paycheck Protection Program, 85 FR 20811-01. The PPP Ineligibility Rule provided that "[b]usinesses that are not eligible for PPP loans are identified in 13 CFR 120.110 and described further in SBA's Standard Operating Procedure (SOP) 50 10, Subpart B, Chapter 2, except that nonprofit organizations authorized under the Act are eligible." *Id*. 13 CFR 120.110 deems ineligible "[f]inancial businesses primarily engaged in the business of lending, such as banks, finance companies, and factors."

## Other Federal Courts

9.      Federal courts in other jurisdictions have issued decisions indicating that the SBA lacked authority to promulgate the PPP Ineligibility Rule because it conflicts with the provision of the PPP that provides eligibility to any business concern that satisfies the criteria in

Page 3 -    PETITION FOR REVIEW

the statute. Specifically, federal courts have granted injunctions to certain adult entertainment businesses (also deemed ineligible under the PPP Ineligibility Rule), requiring that their PPP loans be approved and guaranteed by the SBA, provided they meet the other applicable eligibility requirements.

10.    In *DV Diamond Club of Flint, LLC v. United States Small Bus. Admin.*, 459 F. Supp. 3d 943 (E.D. Mich. 2020), the court evaluated the PPP Ineligibility Rule under the Administrative Procedures Act, which prohibits agencies from taking action "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C). The court reviewed the SBA's action under the two-step framework set forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778 (1984), asking first whether the statute is ambiguous. If the statute is ambiguous, then (and only then) does the court move to step two of the *Chevron* analysis, in which a court must defer to the agency's construction if it is permissible. *DV Diamond Club of Flint, LLC*, 459 F. Supp. 3d at 955.

11.    This analysis led the court to conclude that "when Congress said that 'any business concern' employing the requisite number of Americans during the covered period 'shall be eligible' for a PPP loan guarantee, it meant that *all* such businesses are eligible for a loan guarantee." *Id*. at 956. "Congress's express listing of [the] two eligibility criteria indicates that Congress did not intend there to be any other criteria for loan guarantee eligibility." *Id*. Construing the term broadly results in the PPP working in the manner that Congress intended "as providing temporary paycheck support to as many displaced and suffering American workers as possible." *Id*. at 958. "For all of these reasons, the plain language of the PPP makes clear that any business concern is eligible for a PPP loan if it employed the requisite number of Americans during the

covered period." *Id*.

      12.    Another court in *Camelot Banquet Rooms, Inc. v. United States Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1055–56 (E.D. Wis. 2020), *appeal dismissed*, No. 20-1729, 2020 WL 6481792 (7th Cir. Aug. 5, 2020) also granted injunctive relief to an adult entertainment business, preliminarily enjoining the SBA from using the provisions of the PPP Ineligibility Rule applicable to the adult entertainment businesses in making eligibility determinations for PPP loans. The court explained that "the purpose of the CARES Act, as stated in Title I, is 'keeping workers paid and employed.'" *Camelot Banquet Rooms, Inc.*, 458 F. Supp. 3d at 1055. "Congress did not single out any industry for ineligibility under the PPP, much less specify that sexually oriented businesses are ineligible for PPP loans. Such business must make payroll and pay rent and utility bills, just like any other business. Their contributions to the national economy are no different than the contributions made by small businesses in other industries." *Id*. at 1055-1056.

      13.    Plaintiffs beyond the adult entertainment industry have been successful in challenging the SBA's PPP Ineligibility Rule. In a case brought by state and national associations of home builders and real estate developers, the court relied on *DV Diamond Club of Flint, LLC* in holding that the SBA's PPP Ineligibility Rules are invalid and cannot be enforced as to plaintiffs' businesses. *Nat'l Ass'n of Home Builders v. United States Small Bus. Admin.*, No. 20-11780, 2021 WL 4458660 (E.D. Mich. Sept. 28, 2021). Under the PPP Ineligibility Rules, the plaintiffs would be ineligible under 13 C.F.R. § 120.110(c), which excludes "[p]assive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds" and 13 C.F.R. § 120.110(s), which excludes "[s]peculative businesses." *Id*. at 3.

      14.    The court bolsters its reasoning by pointing out the "distinctly different and

more detailed language that Congress used in the subsequent enactment of the Consolidated

Appropriations Act, 2021, Pub. L. 116-260, 134 Stat. 1182 (Dec. 27, 2020), which authorized the

SBA to issue or guarantee so-called 'second draw' PPP loans to certain businesses that previously

obtained initial PPP loans under the CARES Act." *Id*. at 10. In contrast with the provisions

authorizing the "first draw" PPP program, the Appropriations Act expressly excluded entities

disqualified under 13 C.F.R. § 120.110 for second draw loans. *Id*. "The adoption of that language

in the subsequent enactment proves that Congress was, and is, well aware of the regulatory

background against which the original PPP was created, and that when it desires to do so it knows

exactly how to adopt and endorse previously issued regulatory qualifications. The fact that it did

not do so when it authorized the first PPP program reinforces the conclusion that the choice to

promulgate its own separate, simplified, all-inclusive — and, at least as to entity type and size,

entirely exclusive — eligibility criteria was both reasoned and deliberate." *Id*.

      15.    The court went on to invalidate the reasoning of another federal case that

contradicted *DV Diamond Club of Flint, LLC* when it held that "[t]he PPP was not created as a

standalone program but was added into the existing § 7(a) program, which subjects it to existing

conditions and regulations, as well as existing SBA authority." *Pharaohs GC, Inc. v. United States*

*Small Bus. Admin.*, 990 F.3d 217, 227 (2d Cir. 2021). The court in *Nat'l Ass'n of Home Builders*

explained that *Pharaohs GC, Inc.* "relies on a discernment of legislative intent that is based on an

implication: that Congress enacted the PPP against the background of the SBA's traditional

regulations and therefore intended the SBA to apply them to the new program." *Nat'l Ass'n of*

*Home Builders*, No. 20-11780 at 10. In addition, the decision in *Pharaohs GC, Inc.* "ignores the

Supreme Court's recent disquisition on the term 'any' in *SAS Institute, Inc. v. Iancu*, where it found

that 'any' naturally carries 'an expansive meaning'; and that the word 'impl[ies] *every* member of

Page 6 -    PETITION FOR REVIEW

the class or group.'" *Id*.

16.     *DV Diamond Club of Flint, LLC*, *Camelot Banquet Rooms, Inc.*, and *Nat'l Ass'n of Home Builders* each support a conclusion that the PPP Ineligibility Rules should not apply to deny Petitioner's application for PPP loan forgiveness. The SBA's loan review decision references an ineligibility rule for financial business primarily engaged in lending, investments or an ineligible business engaged in financing or factoring, as set forth in 13 C.F.R. § 120.110(b) and made applicable to PPP loans by the PPP Ineligibility Rule. As made clear by *DV Diamond Club of Flint, LLC*, the PPP Ineligibility Rule contradicts the intent of Congress pursuant to the Administrative Procedures Act and *Chevron* review, and may not be used to deny PPP loan forgiveness.

17.     As stated in *Camelot Banquet Rooms, Inc.*, Congress did not single out any industry for ineligibility under the PPP. Similar to the business in that case, Petitioner must make payroll, just like any other business. Petitioner's contributions to the national economy are no different than the contributions made by small businesses in other industries. In addition, Petitioner's PPP loan was authorized under the "first draw" program, for which Congress did not exclude disqualified entities as described in *Nat'l Ass'n of Home Builders*.

**OHA Final Decision**

18.     In the OHA Final Decision, the Administrative Law Judge explains that it is "bound to make all my decisions in conformity and compliance with the agency's published rules and regulations, such as 13 C.F.R. § 120.110(b) and the first Interim Final Rule; I have no authority to modify, abate, or ignore them, regardless of federal court decisions that may conflict with them." In addition, the Judge states that "if Appellant wishes to press its arguments about the invalidity of 13 C.F.R. § 120.110(b) as applied to the CARES Act and PPP loans, it must do so in

Page 7 -    PETITION FOR REVIEW

federal district court."

19.     Given the Administrative Law Judge's limited authority mentioned above, Petitioner was unable to obtain relief for the SBA's denial of forgiveness.

**Relief Requested**

20.     The Administrative Procedures Act ("APA") authorizes judicial review of federal agency actions. 5 U.S.C. § 702. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id.* § 706(2)(A), (C).

21.     The CARES Act provides that "[d]uring the covered period, in addition to small business concerns, *any* business concern . . . shall be eligible to receive a covered loan if the business concern . . . employs not more than the greater of (I) less than 500 employees or (II) if applicable, the size standard in number of employees established by the Administration for the industry in which the business concern ... operates." 15 U.S.C.A. § 636(a)(36)(D). (emphasis added). The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the PPP Ineligibility Rule.

22.     Respondents' actions to exclude businesses primarily engaged in the business of lending from PPP eligibility, including for loan forgiveness, are not in accordance with law, including the CARES Act and the APA, and are in excess of statutory jurisdiction, authority, or limitations, and short of statutory right, in violation of the CARES Act and the APA. In addition, Respondents' exclusion of businesses primarily engaged in the business of lending from PPP eligibility, including loan forgiveness, while granting PPP benefits to other businesses that were

ineligible under previous SBA guidelines, is arbitrary and capricious and an abuse of discretion.

WHEREFORE, the Petitioner prays:

        a.      That Petitioner's Petition for Review be granted;

        b.      That Respondent's decision be modified to grant Petitioner forgiveness;

        c.      And that Petitioner have such other and further relief as the court deems appropriate.

DATED this 22 day of August, 2022.

FARLEIGH WADA WITT

By: /s/ Brad Stanford
      Brad C. Stanford, OSB #854119
      (503) 228-6044
      bstanford@fwwlaw.com
      Attorneys for Petitioner